IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**L.I.S. TRANSPORT LLC,**

    **Plaintiff,**

                                                               Case No. 2:19-cv-57
                                                                Judge Michael H. Watson
    **v.**                                                         Magistrate Judge Chelsey M. Vascura

**NAVISTAR, INC.,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, L.I.S. Transport LLC, brings this action against Defendant, Navistar Inc., asserting state-law claims for breach of contract and misrepresentation. (ECF No. 2.) Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) This matter is before the undersigned for a Report and Recommendation on Plaintiff's Motion to Remand (ECF No. 9), Defendant's Response in Opposition (ECF No. 12), and Plaintiff's Reply (ECF No. 13). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED** and that this action be **REMANDED** to the Court of Common Pleas for Licking County, Ohio.

**I.**

Plaintiff is an Ohio limited liability company with its principal place of business in Franklin County, Ohio. (Compl. at ¶ 1, ECF No. 2.) Defendant is a Delaware Corporation with its principal place of business in Illinois. (*Id.* at ¶ 2; Notice of Removal at ¶ 4, ECF No. 1.)

On December 3, 2018, Plaintiff commenced the instant action in the Court of Common Pleas for Licking County, Ohio. (Compl., ECF No. 2.) In its Complaint, Plaintiff asserts that it

entered into a sales contract with Defendant for the purchase of "a used 2013 International 4300M7 SBA 4X2 Truck in the amount of $30,887.50." (*Id.* at ¶ 7.)  Plaintiff asserts that it entered into the sales contract "after receiving significant input from [Defendant's] Sales Person as to the reliability of this certain model of truck." (*Id.* at ¶ 5.)  Plaintiff further alleges that, before the sale was finalized, it purchased an inspection of the truck's engine. (*Id.* at ¶ 6.)  The inspection was performed by HD&R, a company recommended by Defendant, and Defendant's Sales Person told Plaintiff that he would let it know if there was anything wrong with the engine. (*Id.*)  The condition of the engine was not discussed again until after the sale, which occurred on or about September 25, 2017. (*Id.* at ¶¶ 6, 7.)  Plaintiff alleges that it received delivery of the truck along with a packet of papers, which it did not review until the following month when the truck needed work on the engine. (*Id.* at ¶ 8.)  Plaintiff alleges that upon review of the papers, it learned that the engine did not pass the inspection. (*Id.* at ¶ 9.)  Plaintiff brings claims against Defendant for breach of contract and misrepresentation.

For Count I (breach of contract), Plaintiff seeks a sum of "$30,887.50 for the cost of the truck, plus $7,525.05 to repair the truck, plus $6,137.45 for rental charges for replacement truck, plus $975.03 for towing, for a total amount of $45,525.03." (*Id.* at ¶ 13; *Id.* at Prayer for Relief ¶ A.)  For Count II (misrepresentation), Plaintiff seeks identical damages. (*Id.* at Prayer for Relief ¶ B (seeking "$30,887.50 for the cost of the truck, plus $7,525.05 to repair the truck, plus $6,137.45 for rental charges for replacement truck, plus $975.03 for towing, for a total amount of $45,525.03").)  Plaintiff also seeks "reasonable attorney fees, costs of the suit incurred, and for such other and further relief as the court may deem just and proper." (*Id.* at Prayer for Relief ¶ C.)  Plaintiff does not seek punitive damages. (*Id.* at Prayer for Relief.)

Defendant removed the action to this Court on January 7, 2019, asserting diversity jurisdiction. (Notice of Removal, ECF No. 1.) On February 6, 2019, Plaintiff filed the instant Motion to Remand, contending that the Court lacks subject matter jurisdiction because its Complaint does not satisfy the amount in controversy requirement of $75,000. (ECF No. 9.) Plaintiff asserts that it "***does not intend to collect on both causes of action; they are plead as alternative causes of action***," and that Defendant improperly combined the requested remedies for breach of contract and misrepresentation to reach the requisite amount in controversy. (Pl.'s Mot. to Remand at 2, ECF No. 9 (emphasis in original).) Plaintiff asserts that the "true amount in controversy is $45,525.03." (*Id.*) Defendant counters that Plaintiff expressly seeks $90,150.06 in damages, as it separately seeks $45,525.03 for its breach of contract and misrepresentation claims. (Def.'s Response in Opp. at 1, ECF No. 12.) Defendant further contends that, if Plaintiff's breach of contract and fraud claims are pled in the alternative, Plaintiff's fraud claim fails as a matter of law because Plaintiff may not seek the same redress for its fraud and breach of contract claims under Ohio law. (*Id.* at 2.)

## II.

Generally, a defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a); *Rogers*, 239 F.3d at 871.

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). When a

3

plaintiff's complaint fails to contain a good-faith demand for monetary relief of a stated sum, the defendant's notice of removal may state the amount in controversy. *Id.* (citing 28 U.S.C. § 1446(c)(2)). The removing defendant's "short and plain" statement of the grounds for removal "need not contain evidentiary submissions." *Id.*

The burden is on the defendant "seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). The defendant "need only 'show that it is "more likely than not" that the plaintiff's claims' exceed $75,000." *Halsey v. AGCO Corp.*, No. 17-6403, 2018 WL 5879504, at *2 (6th Cir. Nov. 8, 2018) (quoting *Rogers v. Wal-Mart Stores Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)); *see also Gilvin v. FCA US LLC*, No. 1:18-CV-107, 2018 WL 6726997, at *3 (S.D. Ohio Dec. 21, 2018), report and recommendation adopted, No. 1:18CV107, 2019 WL 859289 (S.D. Ohio Feb. 22, 2019) (finding that the amount in controversy is met if "a fair reading of the Complaint demonstrates that, if Plaintiff is successful, it is more likely than not that her damages will exceed the required amount"). "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

### III.

The undersigned finds that remand is required because the Complaint does not satisfy the requisite amount in controversy.

As the party seeking removal, Defendant must "show that it is more likely than not that the plaintiff's claims exceed $75,000." *Halsey*, 2018 WL 5879504, at *2 (citations and quotation marks omitted). Here, Defendant cannot do so because Ohio law does not allow Plaintiff to recover duplicative damages for its breach of contract and fraud claims. *See Kovacs v. Chesley*,

4

406 F.3d 393, 396 (6th Cir. 2005) (explaining that "most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by the plaintiff") (citations omitted). This Court has explained that Ohio law does not permit a party to recover duplicative damages for breach of contract and tort claims, explaining as follows:

> Under Ohio law, "the existence of a contract action ... [generally] excludes the opportunity to present the same case as a tort claim ... A tort action will lie only if a party breaches a duty separate and distinct from the duties that arise under the contract." *Ruggles v. Bulkmatic Transp. Co.,* No. C2–03–617, 2004 U.S. Dist. LEXIS 30588, at *22, 2004 WL 5376213 (S.D. Ohio June 23, 2004) (finding that plaintiff's fraud and negligent misrepresentation claims failed as a matter of law because the duties in question arose under the parties' contract and there were no tort damages that were distinct from the breach of contract damages). Additionally, to recover under a tort theory, "*Ohio law requires that the alleged tort damage must be in addition to the alleged damage resulting from the breach of contract.*" *Id.* at 26–27.

*Medpace, Inc. v. Biothera, Inc.*, No. 1:12-CV-179, 2013 WL 1386298, at *3 (S.D. Ohio Apr. 4, 2013) (emphasis added). The Sixth Circuit has also explained that Ohio law requires "that fraud damages be limited to the injury actually arising from the fraud," and that "[t]he tort injury must be unique and separate from any injury resulting from a breach of contract." *Med. Billing, Inc. v. Med. Mgmt. Scis., Inc.*, 212 F.3d 332, 338 (6th Cir. 2000) (citing *Davison Fuel & Dock Co. v. Pickands Mather & Co.*, 54 Ohio App.2d 177, 182, 376 N.E.2d 965, 968 (1977)). Here, Plaintiff seeks identical damages of $45,525.03 for its breach of contract and fraud claims. (*See* Compl. at Prayer for Relief ¶¶ A–B, ECF No. 2). Because Ohio law prohibits Plaintiff from recovering duplicative damages for its breach of contract and fraud claims,[1] the undersigned cannot

---

[1] The undersigned makes no ruling on the merits of Plaintiff's fraud claim. The undersigned notes, however, that contrary to Defendant's contention, Plaintiff is permitted to seek alternative types of relief at the pleading stage. Fed. R. Civ. P 8(a)(3). Nonetheless, as set forth above, Plaintiff may not recover duplicative damages for its breach of contract and fraud claims. *See Medpace, Inc.*, 2013 WL 1386298, at *3.

conclude that it is more likely than not that Plaintiff's damages exceed $75,000. Furthermore, although punitive damages may be awarded in tort actions involving fraud (*Preston v. Murty,* 32 Ohio St.3d 334, 334, 512 N.E.2d 1174, 1175 (1987)), Plaintiff has not sought them in this action. (*See* Compl., ECF No. 2.)

Additionally, Plaintiff's request for reasonable attorneys' fees and costs does not thrust her claims over the requisite amount in controversy. First, the amount in controversy must exceed $75,000, *exclusive of costs and interests.* 28 U.S.C. § 1332(a). Second, "[a]s a general rule, attorneys' fees are excludable in determining the amount of controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007). Here, the parties do not direct the Court to any contract provision or statute that expressly allows for the payment of attorneys' fees.

In summary, the undersigned finds that a fair reading of the Complaint fails to show that it is more likely than not that Plaintiff's alleged damages exceed the requisite amount in controversy of $75,000.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED** and that this matter be **REMANDED** to the Court of Common Pleas for Licking County, Ohio. (ECF No. 9.)

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE